## Barbara Schreiber, Appellee, v. Rudolph E. Schreiber et al., Appellants.

### Gen. No. 22,419.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

### Statement of the Case.

Petition for assignment of dower and for damages against heirs for failure to set over dower by Barbara Schreiber, complainant, against Rudolph E. Schreiber, Otto W. Schreiber, Martha L. Schreiber and Clara J. Ritter, defendants. From a decree allowing complainant the sum of $320 per year for life in lieu of dower and the sum of $1,040 as damages, defendants appeal.

THORNTON M. PRATT and ARTHUR R. WOLFE, for appellants; MANIERRE & PRATT, of counsel.

JOSEPH R. BURRES, for appellee; ISIDORE FRIED, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. DOWER, § 172*—*what evidence sufficient to show demand for assignment of and refusal to make.* The testimony of a widow that she demanded of her husband's son a third of the property of the deceased husband and his reply that she would have to wait, *held* to be sufficient evidence, although denied by such son, of a demand for an assignment of dower and a refusal of same.

2. DOWER, § 125*—*when demand for assignment of is sufficient.* A demand for an assignment of dower made within thirty days

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

after the husband's death is sufficient and relates back to the time of death.

3. DOWER, § 176*—*when claim that widow waived any claim for damages for failure to set over dower is unavailable on appeal.* ₍The claim that a widow, by electing to take an annual value in lieu of dower and agreeing with the heirs as to the amount of the yearly value, waived and released any claim for damages for failure to set over dower she may have had, is not maintainable where the appeal is based upon the claim that the chancellor erred in determining that the evidence sufficiently proved a demand which was such that it entitled the widow to damages from the time of the death of her husband.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.